IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

MATTHEW B. GAUDREAU on his own behalf and
on behalf of all others similarly situated,

    Plaintiff,

v.

AJ, INC. d/b/a SUSHI O SUSHI,
RAMEN O RAMEN, INC.,
KI SOOK LEE,
and KYUNG LEE,

    Defendants.

---

## CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES

---

Plaintiff, by and through undersigned counsel, respectfully files this Class and Collective Action Complaint for Unpaid Wages against the above-listed Defendants.

### STATEMENT OF THE CASE

1. Defendants employed the Plaintiff and those similarly situated in their restaurants located in Colorado Springs, CO.

2. Defendants refused to pay their employees adequate minimum and overtime wages for all hours worked.

3. Defendants' conduct violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* the Colorado Minimum Wage Act ("MWA"), C.R.S. § 8-6-101 *et seq.*, as implemented by the Colorado Overtime and Minimum Pay Standards Order ("COMPS"), 7 C.C.R. 1103-1 and the Colorado Wage Claim Act ("CWCA"), C.R.S. §§ 8-4-109.

4. Plaintiff seeks, on his own behalf and on behalf of all others similarly situated, actual

and liquidated damages, penalties, and attorney fees and costs resulting from Defendants' willful violations of state and federal wage law.

## PARTIES, JURISDICTION, AND VENUE

5. Defendants employed Plaintiff Matthew B. Gaudreau as a sushi chef from October of 2021 through approximately December of 2022. Plaintiff Gaudreau's signed FLSA Consent to Sue Form is attached hereto as Exhibit 1.

6. Defendant A.J., Inc. d/b/a Sushi O Sushi is a Colorado corporation with a principal business address of 3643 Star Ranch Rd. Colorado Springs, Colorado 80906.

7. Defendant Ramen O Ramen, Inc. is a Colorado corporation with a principal business address of 3669 Star Ranch Rd. Colorado Springs, Colorado 80906.

8. Defendants Sushi O Sushi and Ramen O Ramen are Asian restaurants with common ownership and management, which are located in the same Colorado Springs shopping center.

9. Defendant Ki Sook Lee is an owner and manager of the enterprise made up by Defendants A.J., Inc. d/b/a Sushi O Sushi and Ramen O Ramen, Inc.

10. Defendant Kyung Lee is an owner and manager of the enterprise made up by Defendants A.J., Inc. d/b/a Sushi O Sushi and Ramen O Ramen, Inc.

11. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the FLSA, 29 U.S.C. §§ 201 *et seq.*

12. Plaintiff requests that this Court exercise supplemental jurisdiction over his Colorado state law claims arising under the MWA, and the CWCA. 28 U.S.C. § 1367.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all the events and omissions giving rise to the claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS

14.     Defendants employed Plaintiff Matthew B. Gaudreau and others similarly situated ("others") in their Sushi O Sushi and Ramen O Ramen restaurants, both located in the same shopping center on Star Ranch Road in Colorado Springs, Colorado.

15.     Defendants failed to pay these employees overtime wages for overtime hours worked, failed to pay them at least the Colorado minimum hourly wage, and failed to provide them with mandatory, paid rest periods.

**FLSA Overtime Violations**

16.     Defendants regularly employed Plaintiff and others to work over 40 hours in a given workweek.

17.     Defendants failed to pay their employees at Sushi O Sushi and Ramen O Ramen required overtime premiums for hours worked in excess of 40 in a given workweek.

18.     For example, during the two-week pay period running from May 1, 2022 through May 15, 2022 Plaintiff Gaudreau worked over 80 hours. For that workweek and many others featuring overtime hours, Defendants paid Plaintiff a flat bi-weekly salary with no increase for overtime hours worked.

19.     Defendants subjected all their employees at Sushi O Sushi and Ramen O Ramen to the same policy and practice of failing to pay overtime wages for overtime hours worked.

**Failure to Pay Colorado Minimum Wage**

20.     Defendants failed to pay the Plaintiff and others the hourly Colorado Minimum Wage rate established in the Colorado Overtime and Minimum Pay Standards Order, 7 CCR 1103-1 ("COMPS").

21.     For example, in the two-week pay period running from December 1, 2021 through

December 15, 2021 Defendants employed Plaintiff Gaudreau to work over 120 hours. The bi-weekly salary Defendants paid him for those pay periods did not provide him with the $12.32/hour worked required by COMPS Order #37 for work performed in 2021. 7 CCR 1103-1(3.1).

22. Defendants required their servers to participate in a "tip pool" wherein they were required to share their tips with non-tipped back-of the-house workers. Because the tip pool unlawfully included non-tipped workers and the employers themselves, and because Defendants failed to notify their patrons in writing of the tip pooling arrangement, Defendants' payment of reduced minimum wages to their servers was unlawful. C.R.S. § 8-4-103(6).

23. Defendants paid their servers sub-minimum wages for substantial time spent performing work that did not directly support tipped work.

24. Defendants failed to provide the Plaintiff and others with compensated 10-minute break periods for each 4-hour work period.

25. Defendants subjected all their employees to the same policy and practice of failing to pay required minimum hourly wages.

26. Each year relevant to this action, Plaintiff and other employees handled foodstuffs, cleaning materials, restaurant equipment, plates, silverware and other materials which moved in interstate commerce.

27. Defendants enjoyed more than $500,000.00 in gross receipts each year relevant to this action.

28. Defendant Kyung Lee, at all material times, exercised operational control and financial control over the Sushi O Sushi/Ramen O Ramen enterprise and exercised control over its employees' terms and conditions of employment. For example, Mr. Lee interviewed and hired

Plaintiff Gaudreau. Mr. Lee trained Plaintiff Gaudreau, supervised his work, set his salary and set his schedule. Mr. Lee directed employees as to their job duties, participated in the hiring and firing of employees, set employee pay rates, and made important financial decisions regarding the enterprise.

29. Defendant Ki Sook Lee at all material times, exercised operational control and financial control over the Sushi O Sushi/Ramen O Ramen enterprise and exercised control over its employees' terms and conditions of employment. For example, Mrs. Lee paid Plaintiff Gaudreau. Mrs. Lee supervised Plaintiff Gaudreau's work, gave him work instructions, and set and modified his work schedule. Mrs. Lee directed employees as to their job duties, administered payroll and made important financial decisions regarding the enterprise.

30. Defendants constitute a single integrated enterprise because their operations are interrelated, they are subject to common financial control, they exhibit centralized control over labor relations and have common ownership. In addition, Defendants are joint employers because they share the ability to direct, control and supervise employees across the restaurants' locations, they share the power to hire, fire and modify the employees' terms and conditions of employment, have a durable and permanent relationship with one another, share ownership and are under the common control of Defendants Ki Sook Lee and Kyung Lee. Defendants operate on premises controlled by Defendants Ki Sook Lee and Kyung Lee, and they share functions ordinarily carried out by an employer. For example, Defendants Ki Sook Lee and Kyung Lee own all the entity Defendants and have final say in coordinating and scheduling employees across the restaurants. Defendants Ki Sook Lee and Kyung Lee have the authority to hire and fire employees at all the locations. Defendants Ki Sook Lee and Kyung Lee determine employee rates of pay at all locations and have authority over all financial decisions made with regard to all

locations. In addition, materials for different locations are ordered through, paid for through and retrieved from sister locations. Both Defendant entities are located in the same shopping center yards away from one another.

## § 216(b) COLLECTIVE ACTION ALLEGATIONS AS TO THE FIRST CLAIM

31. Plaintiff brings his Count I Claim pursuant to the FLSA as a collective action, per 29 U.S.C. § 216(b), on behalf of himself and on behalf of all similarly situated employees currently and formerly employed by Defendants. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the "FLSA Collective" as encompassing:

> All non-managerial employees who worked for AJ, Inc. d/b/a Sushi O Sushi and/or Ramen O Ramen, Inc. at any time after August 28, 2020.

32. The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

33. All potential collective action Members are similarly situated because they worked for Defendants and were subject to Defendants' common policy of avoiding overtime wage payments.

## RULE 23 CLASS ALLEGATIONS

34. Plaintiff asserts his Count II Claim under the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et. seq.*, and his Count III Claim under the Colorado Wage Claim Act as a Fed. R. Civ. P. 23 class action, on his own behalf and on behalf of a class for which Plaintiff seeks certification.

35. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Rule 23 Class as follows:

> All non-managerial employees who worked for AJ, Inc. d/b/a Sushi O Sushi and/or Ramen O Ramen, Inc. at any time after August 28, 2020.

36. This action is properly brought as a class action for the following reasons.

37. Defendants failed to pay all their non-managerial employees overtime wages for overtime hours worked, failed to pay them the Colorado minimum wage rate, and failed to provide them with 10-minute rest periods each 4-hour work period.

38. The class is so numerous that joinder of all the potential class members is impracticable. Plaintiff does not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiff believes and alleges that the number of Class Members is in the 40-60 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

39. Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include: Whether Defendants constituted an integrated enterprise for the purposes of Colorado wage and hour laws, whether Defendants are appropriately regarded as the Joint employers of the class alleged, whether Defendants failed to pay their employees overtime wages for overtime hours worked, whether Defendants failed to pay their employees minimum wages and whether Defendants failed to provide their employees with 10-minute rest periods each 4-hour work period.

40. The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of an employer failing to pay overtime and minimum wages and failing to provide rest periods. The claims at issue arise from policies applicable to all members of the class. Each Member of the Class suffered the same violations that Plaintiff challenges with his claims. If Defendants' policies of failing to pay overtime and minimum wages and failing to

provide rest periods were unlawful as applied to the representative Plaintiff, they were unlawful as applied to the absent members of the putative class.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

42. The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

43. The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

44. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

45. Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims that are factually and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purposes of the Colorado's wage and hour laws counsel toward vindicating the rights of those employees with small claims as part of the larger Class.

46. Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

47. Plaintiff is aware of no pending litigation commenced by members of the Class concerning the instant controversy.

48. It is desirable to concentrate this litigation in this forum because all claims arose in Colorado.

49. This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

50. The contours of the class will be easily defined by reference to the payroll documents that Defendants were legally required to create and maintain. 7 CCR 1103-1 (7.1); 29 C.F.R. § 516.2. Notice will be easily distributed because all members of the putative class are or were employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member.

**COUNT I – Failure to Pay Overtime Premiums**
**Violation of the FLSA (29 U.S.C. § 201 *et seq.*)**

51. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

52. Plaintiff asserts this count on her own behalf and on behalf of all others similarly situated. 29 U.S.C. § 216(b).

53. Plaintiff and others were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

54. Defendants "employed" the Plaintiff and others as that term is defined by the FLSA. 29 U.S.C. § 203(g).

55. Defendants were Plaintiff's and others' "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

56. Defendants violated the FLSA when they refused to pay Plaintiff and others overtime

premiums for hours worked beyond forty in each given workweek. 29 U.S.C. § 207.

57. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

58. Plaintiff and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

59. Plaintiff and others are entitled to recover unpaid overtime premiums, liquidated damages, attorney fees and costs. 29 U.S.C. § 216(b).

### COUNT II – Failure to Pay Minimum and Overtime Wages
### Violation of the Colorado Minimum Wage Act (C.R.S. § 8-6-101, *et. al.*)

60. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

61. As set forth above, Plaintiff asserts this count on his own behalf and on behalf of all those similarly situated pursuant to Fed. R. Civ. P. 23.

62. Defendants were Plaintiff's and others' "employers" as that term is defined by the COMPS Order because they suffered or permitted them to work and acted directly or indirectly in the interests of an employer in relation to them. 7 CCR 1103-1(1.6).

63. Plaintiff and others were Defendants' "employees" as that term is defined by the COMPS Order because they performed labor for the benefit of the Defendants in which Defendants commanded when, where, and how much labor or services would be performed, and exercised control over the Plaintiff and others, who performed the primary work of the Defendants' businesses . 7 CCR 1103-1(1.5).

64. Defendants violated the applicable annual COMPS Orders when they refused to pay Plaintiff and others overtime wages for all hours worked beyond forty each workweek. 7 CCR 1103-1(4.1.1).

65. Defendants violated the applicable annual COMPS Orders when they refused to pay Plaintiff and others the required Colorado minimum wage rate. 7 CCR 1103-1(3.1).

66. Defendants violated the applicable annual COMPS Order when they failed to provide Plaintiff and others with compensated 10-minute rest periods for each 4-hour period worked. 7 CCR 1103-1(5.2).

67. When Defendants failed to make payments in compliance with the applicable annual COMPS Order, 7 CCR 1103-1, they failed to pay the minimum wages fixed by the director pursuant to Title 8, Article 6 of the Colorado Revised Statutes. C.R.S. § 8-6-116(1).

68. Defendants' failure to make payments required by the applicable annual COMPS Order violated the Colorado Minimum Wage Act. C.R.S. § 8-6-116(1).

69. Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

70. Plaintiff and others are entitled to recover unpaid wages, attorney fees and costs of the suit. C.R.S. § 8-6-118.

### COUNT III – Failure to Pay All Earned, Vested and Determinable Wages
### Violation of the CWCA (C.R.S. § 8-4-109)

71. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

72. As set forth above, Plaintiff asserts this count on his own behalf and on behalf of all those similarly situated pursuant to Fed. R. Civ. P. 23.

73. Defendants were Plaintiff's and others' "employers" as that term is defined by the CWCA because they employed Plaintiff and others in Colorado. C.R.S. § 8-4-101(6).

74. Plaintiff and others were Defendants' "employees" as that term is defined by the CWCA because they performed labor for the benefit of Defendants. C.R.S. § 8-4-101(5).

75. Defendants violated the CWCA when they failed to pay Plaintiff and those similarly situated all earned, vested and determinable wages. C.R.S. § 8-4-109.

76. Defendant incurred penalties under the CWCA if they failed to tender wages due

within 14 days of receipt of Plaintiff's demand for all wages due. C.R.S. § 8-4-109(3)(b).

77. As a result of Defendant's failure to make all payments lawfully due, Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

78. Plaintiff and others are entitled to recover in a civil action all earned, vested and determinable wages owed to them, statutory penalties and attorney fees and costs of suit. C.R.S. § 8-4-109; C.R.S. § 8-4-110.

**WHEREFORE**, Plaintiff prays, as to his Count I claim under the Fair Labor Standards Act, that:

a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members;

b. He and the FLSA Collective members be awarded unpaid overtime premiums;

c. He and the FLSA Collective members be awarded liquidated damages as required by law;

d. He and the FLSA Collective members be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

e. He and the FLSA Collective members be awarded such other and further relief as may be necessary and appropriate.

And, as to his Count II claim under the Colorado Minimum Wage Act that:

a. This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

b. He be certified as the class representative of the COMPS Class;

c. Undersigned counsel be appointed Rule 23 class counsel;

d. Prompt notice of this litigation be sent to all Rule 23 Class members; and

e. He and the Rule 23 Class be awarded the wages they are due, together with attorney fees and costs of suit. C.R.S. § 8-6-118.

f. He and the Rule 23 Class be awarded such other and further relief as may be necessary and appropriate.

And, as to his Count III claim under the Colorado Wage Claim Act, that:

a. This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

b. He be certified as the class representative of the Rule 23 Class;

c. Undersigned counsel be appointed Rule 23 class counsel;

d. Prompt notice of this litigation be sent to all Rule 23 Class members;

e. He and the Rule 23 Class members be awarded the earned, vested and determinable wages they are due per C.R.S. § 8-4-109;

f. He and the Rule 23 Class members be awarded statutory penalties per C.R.S. § 8-4-109;

g. He and the Rule 23 Class members be awarded attorney fees and costs of suit per C.R.S. § 8-4-110;

h. He and the Rule 23 Class be awarded such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

*s/ Andrew H. Turner*
Andrew H. Turner
CO Atty. Reg. #43869
MILSTEIN TURNER, PLLC
1490 Lafayette St. #304
Denver, CO. 80218
(303) 305-8230
andrew@milsteinturner.com

*Attorney for Plaintiff*